IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CLIFFORD CAIN, JR. | * | |
| | * | |
| v. | * | Civil No. – JFM-16-2930 |
| | * | |
| CITIBANK, N.A. | * | |

******

## MEMORANDUM

Defendant has filed a motion to compel arbitration and stay action. The motion will be granted.[1]

Defendant assigned to Midland Funding, LLC, its rights under its credit card agreement with plaintiff after plaintiff defaulted on his payment obligations. However, the arbitration provision in the contract between the parties provided that it "shall survive: (i) termination or changes in the Agreement, the account, or the relationship between you and us concerning the account . . . and (ii) any transfer, sale, or assignment of your account, or any amounts on your account, to any other person or entity." Under Idaho law, which the parties agreed was to govern the agreement between them, "[t]o determine intent, we look 'to the language that the parties used in the contract[.]'" *Tri-City Assocs., LP v. Belmont, Inc.*, 845 N.W. 2d 911, 915 (S.D. 2014). The language here could not be clearer, and it provides that the arbitration provision survives the termination or changes in the Agreement.

Likewise, there could be no question but that the parties' dispute falls within the coverage of the arbitration provision. That provision made subject to arbitration "[a]ll claims relating to your account, a prior related account, or our relationship. . . ." Plaintiff has presented no

---

[1] Because of a temporary imbalance in caseload, I am handling this case for Judge Hollander.

evidence to suggest that defendant waived its right to compel arbitration under this clause as the agreement.

Plaintiff suggests that this court stay its ruling on the motion to compel pending the decision by the Court of Appeals of Maryland in *Cain v. Midland Funding, LLC.* However, the Federal Arbitration Act reflects an "emphatic federal policy in favor of arbitral dispute resolution." *KPMG LLP v. Cocchi*, 565 U.S. 18, 21 (2011). Further, the Supreme Court has stated that the "'principal purpose' of the FAA is to 'ensur[e] that private arbitration agreements are enforced according to their terms.'" *AT&T Mobility v. Concepcion*, 563 U.S. 333, 344 (2011). In light of that strong federal public policy, there is no reason to delay issuance of the opinion in this case.

Finally, I note that this court has previously granted motions to compel arbitration based on the same arbitration agreement involved in this case. *See, e.g., Bey v. Midland Credit Management*, Case No. GJH-15-1329, 2016 U.S. Dist. LEXIS 38355 (D. Md. Mar. 23, 2016); *Koenick v. Citibank (S.D.), N.A.*, Civil Action No. AW-05-1006, 2005 U.S. Dist. LEXIS 37499 (D. Md. June 7, 2005).

A separate order granting defendant's motion to compel and to stay this action is being entered herewith.

Date: 11/15/11

J. Frederick Motz
United States District Judge